UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEANDRE HUDSON, #15004966,

                Plaintiff,

                              ORDER
       -against-                          15-CV-7313(JFB)(ARL)

HON. FERNANDO M. CAMACHO,
SHERIFF VINCENT DEMARCO,

                Defendants.
----------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 23 2016 ★
LONG ISLAND OFFICE

On December 15, 2015, incarcerated *pro se* plaintiff Keandre Hudson ("plaintiff") filed an *in forma pauperis* civil rights complaint against the Hon. Fernando M. Camacho ("Hon. Camacho") and Sheriff Vincent DeMarco ("Sheriff DeMarco and together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## BACKGROUND

Plaintiff filed his complaint on the Court's Section 1983 complaint form. In its entirety, plaintiff alleges:[1]

---

[1] All material allegations in the complaint are presumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations as true). In addition, excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Under the 6th Amendment the plaintiff has a right to adequate counsel and to adequently prepare his defense prior to his trial. Due to Suffolk County Jail alternate house me in a different jurisdiction it's substantially interfering with me and my attorney properly preparing my defense at trial, due to my counsel being unable to make visits to discuss my case. I haven't heard audio that's being used against me nor had the opportunity to discuss with my attorney the facts surrounding my case. We ask Mr. Camacho for remedy on this matter an still to no prevail.

(Compl. ¶ IV.) In the space on the complaint form that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff wrote "N/A." (*Id.* ¶ IV.A.) For relief, plaintiff "would like to be transefered back to Suffolk County Correctional Center." In addition, plaintiff requests that his underlying state court criminal case be reassigned to a different supreme court judge "do to me sueing my judge." (*Id.* ¶ V.)

## DISCUSSION

I. Sufficiency of the Pleadings

A. Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. Substantive Claims

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983; *accord Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02 (2012). "In order to state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985); *see also Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not itself create substantive rights; it offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed

3

violation in order to hold that defendant liable in his individual capacity under § 1983." *Id.* at 229; *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983.").

1. Abstention

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002); *see also Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Hansel v. Town Ct. for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995).

In *Sprint Commc'ns, Inc. v. Jacobs*, ---U.S.----, 134 S. Ct. 584, 591-92 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach." *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order). Instead, the Supreme Court held that the *Younger* abstention doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 134 S. Ct. at 588 (internal quotation marks and citations omitted); *see id.* at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, plaintiff seeks exclusively injunctive relief relating to his on-going state court

4

criminal prosecution. As is readily apparent under the Supreme Court's categorical approach, this Court must abstain under the *Younger* abstention doctrine. Accordingly, plaintiff's claims here are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

In light of plaintiff's *pro se* status, the Court has considered whether he should be afforded an opportunity to replead his claims. "When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them"); *Cuoco*, 222 F.3d at 112. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Given that the reason for the dismissal of plaintiff's complaint is substantive and could not be cured in an amended complaint, leave to amend the complaint is denied. However, plaintiff may pursue any valid claims he may have in state court.

CONCLUSION

For the reasons set forth above, the Court grants plaintiff's application to proceed *in forma pauperis*. However, the complaint is barred by the *Younger* abstention doctrine and therefore

5

fails to allege a plausible claim for relief. Accordingly, the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii), 1915A(b)(1). The Clerk of the Court is directed to close this case and to mail a copy of this Order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                                                s/ Joseph F. Bianco

Dated:     March 23, 2016
              Central Islip, New York

                                                                                                                 Joseph F. Bianco
                                                                                                                 United States District Judge